Kanwal Kumar, defendant, appeals the trial court's judgment in favor of Dayton Power Light, plaintiff, on the basis that DPL's complaint was made against the wrong party, that DPL suppressed evidence, and that one of DPL's employees committed perjury. Having found no error in the trial court's decision, we affirm the judgment of the trial court.
 I.
The facts underlying this action are that DPL had an account in the name of Kumar to provide power service to the York Motor Lodge, located at 365 North Broad Street, Fairborn, Ohio. The account was open from October 31, 1986 until September 10, 1991. DPL provided service to York Motor Lodge pursuant to an oral services contract with Kumar. Kumar was the operator of the York Motor Lodge which was owned by Management Operations, Inc. Kumar was the President of Management Operations, Inc., as well as a board member of that company.
Several, if not all, of the DPL bills were paid on Management Operations' checks and signed by Kumar, that is, until the corporation went out of business on September 6, 1991. On that date, Kumar contacted DPL and requested that his account be terminated. At the time that the account was terminated, the account had a balance of $2,168.78. DPL requested that Kumar pay the balance on the account, and Kumar refused.
DPL filed a complaint against Kumar in municipal court for the unpaid balance on September 12, 1994. Kumar filed an answer along with a third-party complaint, demanding damages of $1,720,000.00, on December 22, 1994. The municipal court determined that Kumar's counterclaim exceeded the court's jurisdictional limits and transferred the case to the Montgomery County Common Pleas Court. The common pleas court dismissed Kumar's third-party complaint.
In April of 1996, DPL moved the trial court for summary judgment. The trial court denied DPL's motion on September 10, 1996. Thereafter, the matter was set for trial before a magistrate on December 6, 1996. Following the trial, on December 11, 1996, the magistrate issued a decision in favor of DPL. The trial court adopted the magistrate's decision on December 31, 1996. Subsequent to the trial court's decision, Kumar filed objections to the magistrate's decision and moved the court for a new trial.
On February 12, 1997, the trial court vacated its decision of December 31, 1996, finding that the decision was filed inadvertently and that it should not have been filed. The court then proceeded to overrule Kumar's objections and to adopt the magistrate's decision of December 11, 1996, as well as to adopt the magistrate's findings and conclusions as its own. Kumar now brings this timely appeal of that decision.
 II.
In his first assignment of error, Kumar argues that:
DPL FILED A FALSE COMPLAINT AGAINST A WRONG PARTY.
 Kumar argues that he is not the party to which DPL provided services. Kumar claims that the owner and operator of York Motor Lodge is Management Operations, Inc. Kumar claims that he was the President and a board member of Management Operations, Inc. Kumar further asserts that in contracting for services with DPL he was acting on behalf of the company. In view of this, Kumar argues that DPL provided services to Management Operations, Inc., and that DPL should have sought payment for any arrearages from that company rather than Kumar individually.
We are unpersuaded by Kumar's argument. Kumar failed to prove that he was acting on behalf of Management Operations, Inc., in contracting with DPL for services. The billing statements from DPL were issued to Kanwal Kumar, individually, dba York Motor Lodge. Furthermore, Kumar did not present any evidence demonstrating that he ever notified DPL that he was not acting individually, but rather on behalf of Management Operations, Inc. In fact, Kumar did not call any witnesses or submit any documentary evidence. Kumar did not, for example, introduce into evidence corporate records to establish whether the corporation had formally authorized him to open the account on its behalf or any corporate documents indicating that he had opened the account on the corporations behalf. Furthermore, Kumar failed to introduce into evidence documents establishing that corporate formalities had been observed, such as regular meetings and recorded minutes.
Admittedly, Kumar did pay some, if not all, of the DPL bills on Management Operations, Inc.'s checks. Nonetheless, this does not establish that DPL had notice when the account was opened or anytime thereafter that Kumar was acting on behalf of a corporation rather than as an individual doing business as York Motor Lodge. It was incumbent upon Kumar to make sure that DPL had notice of this when he originally contracted for services with DPL.
Furthermore, it could be argued that Kumar was put on notice that DPL was unaware that he was acting on behalf of Management Operations, Inc., because the bills were in his name individually, doing business as York Motor Lodge. In view of this, it is arguable that it was incumbent upon Kumar to inform DPL that he was acting on behalf of a corporation rather than individually in contracting for services with DPL. Based upon the foregoing, we find this assignment to be without merit and overrule it.
 III.
In his second assignment of error, Kumar argues that:
 THE TRIAL COURT ERRED IN DISMISSING THE ACTION BECAUSE OF DPL'S EMPLOYEE'S PERJURY OR SUPPRESSION OF EVIDENCE.
Kumar first argues that a document was suppressed during discovery. Kumar argues that the document in question demonstrates that one of DPL's employees lied during her testimony at trial. In particular, Kumar argues that one of DPL's employees lied when she told the magistrate that the amount that DPL sought to recover from Kumar was based solely on services provided to York Motor Lodge. Kumar insists that the allegedly suppressed document establishes that DPL may have provided services to some other location and are charging Kumar for those services. Assuming this court finds that DPL's employee committed perjury and that the document in question was suppressed, Kumar requests that this court dismiss the present action.
Initially, after reviewing the document in question, we fail to see how this establishes that DPL may have provided services to another location and charged Kumar for those services. Nonetheless, we were able to decipher the basis of Kumar's allegations from reviewing his presentation of the same argument to the trial court. Apparently, Kumar had several accounts with DPL with him individually doing business as other motels, including the Sheridan Motel. DPL has separate causes of action against Kumar on those accounts. It further appears that the allegedly suppressed document to which Kumar refers is Kumar's utility bill for the Sheridan Motel, for which DPL also contends that Kumar is responsible for arrearages. These arrearages are not part of the instant action, and are the subject of a separate law suit proceeding in the municipal court.
We, like the trial court, cannot find that this evidence was suppressed seeing as Kumar has not established its relevance to the property or debt at issue. The DPL employee that Kumar claims committed perjury attested that the $2,168.78 bill was solely for services rendered to York Motor Lodge. The Sheridan Motel bill does not in any way call that DPL employee's testimony into question. The Sheridan Motel bill merely indicates that DPL also provided over $8,000.00 worth of services to the Sheridan Motel and that that sum is in arrears as well. Thus, on the basis of this bill, alone, we cannot find that the York Motor Lodge bill for $2,168.78 included power provided to the Sheridan Motel. Hence, not only are we unable to find that this evidence was suppressed, but we cannot find that the DPL employee committed perjury on the basis of this document. Based upon the foregoing, we find this assignment of error to be without merit, and we affirm the judgment of the trial court.
BROGAN, J. and WOLFF, J., concur.
Copies mailed to:
Melissa L. Wilburn
Kanwal Kumar
Hon. David A. Gowdown